## WALSH *a.* KURSHEEDT.

*New York Common Pleas; Special Term, January,* 1859.

### DEMAND OF COPY OF COMPLAINT.

A notice of appearance which requires "all papers" in the action to be served on the defendant's attorney, and specifying a place for the service, is a sufficient demand of service of a copy of the complaint.

Motion to set aside judgment.

The facts are stated in the opinion.

BRADY, J.—The copy of the complaint need not be served with the summons; but if the defendant appears within the twenty days allowed by the Code, and demands in writing a copy of the complaint, specifying a place within the State where it may be served, a copy must be served within twenty days. (*Code,* § 130.) The defendant caused a notice of appearance to be served by his attorney in this case, and superadded to such notice were the words: "And I require all papers therein to be served on me, at my office, No. 140 Broadway, city of New York." The plaintiffs, treating this notice and requirements as a notice of appearance only, omitted to serve a copy of the complaint, and proceeded to enter judgment. The statute does not require the demand of a copy of the complaint to be made by any particular form of expression; and if, therefore, it be made without reference to the language employed, the defendant secures all the rights consequent thereupon. To demand is to claim, to ask for with authority; and to require is to demand,

to ask a thing as of right. The words are synonymous. When the defendant requires all papers to be served upon him, it is demanding that all papers should be so served. A complaint is a paper in a cause which is necessary to the plaintiff's success, and one which should be served upon the defendant, if he either demand or require it. This is both within the spirit and letter of the statute. The plaintiff's proceedings are, therefore, irregular, and must be set aside. Leave, however, will be given to the plaintiff to serve a complaint within ten days, without costs to the defendant, and without costs of this motion to either party.

---

## WINNEBRENNER a. EDGERTON.

*Supreme Court, First District; General Term, April,* 1859.

NOTICE OF MOTION.—STATEMENT FOR JUDGMENT BY CONFESSION.

A motion by a creditor to vacate a judgment by confession entered against his debtor, founded on the ground that the statement is insufficient to authorize a judgment to be entered, is not a motion for irregularity within the rule requiring the notice or order to show cause to specify the irregularity complained of.

A statement for judgment upon confession to secure a contingent liability must show the facts out of which the indebtedness arises, as fully as if it were to secure an absolute indebtedness.

A judgment confessed to secure a contingent liability on a guarantee, should be set aside on motion of a subsequent judgment creditor, if the statement on which it is entered does not show the particulars of the contract on which the liability rests—*e. g.,* in case of a promissory note, who are the parties to it—and the facts which impose a liability thereon on the plaintiff, and in behalf of the defendant, and such a liability as the defendant is bound to protect.

Appeal from an order denying a motion by a subsequent judgment creditor, to vacate a judgment entered upon confession.

The facts appear in the opinion.